UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO ANTONIO VILLALBA,

v.                                              Case No. 8:08-cr-459-T-33TBM
                                                         8:10-cv-898-T-33TBM

UNITED STATES OF AMERICA.
_____

## O R D E R

This cause is before the Court on Marco Antonio Villalba's timely-filed 28 U.S.C. §

2255 motion to vacate, set aside or correct sentence (Doc. CV-1; CR-140) and the

Government's response to the motion.  (Doc. CV-6).  Although granted time to do so,

Villalba has not filed a reply to the motion to vacate.

A review of the record demonstrates that, for the following reasons, the motion to

vacate must be **denied.**

## PROCEDURAL HISTORY

On October 30, 2008, Villalba and four others were charged in a Superseding

Indictment with conspiracy to possess with intent to distribute five or more kilograms of

cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation

of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b) (Count One), and

with aiding and abetting each other and others known and unknown to possess with intent

to distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of Title 46, United States Code, Section

70503(a) and 70506(a) and Title 18, United States Code, Section 2 (Count Two). (Doc. CR-

33).

On January 13, 2009, Villalba pled guilty pursuant to a written plea agreement to Count One of the Superseding Indictment. (Docs. CR-70, 129)  On January 22, 2009, this Court accepted Villalba's plea and adjudicated him guilty as to Count One of the Superseding Indictment. (Doc. CR-83).  On May 8, 2009, Villalba was sentenced to 168 months imprisonment and 48 months supervised release. (Docs. CR-120, 121). At sentencing, Count Two of the Superseding Indictment and the Original Indictment were dismissed on the Government's motion.  Villalba did not file a direct appeal.

Villalba filed the present motion to vacate, with a memorandum in support, on April 19, 2010. (Docs. CV-1, 2). The only issue Villalba raises is that the government breached the plea agreement by not filing a Rule 35 motion.

## FACTUAL BACKGROUND

The United States Coast Guard located a "go-fast" vessel in the Eastern Pacific Ocean in international waters, traveling at a high rate of speed, off the coast of Colombia. (PSR ¶¶ 8, 9). Once the crew of the go-fast vessel became aware that the Coast Guard was watching them, the go-fast vessel continued on its course and the crew began jettisoning bales into the water. (PSR ¶ 9). The Coast Guard disabled the go-fast vessel by firing shots at the motors. (Id). There were no documents or markings found on the go-fast vessel indicating its nationality; therefore it was rendered stateless and subject to the jurisdiction of the United States. (Id. at ¶10; CR-63 at 14). The Coast Guard recovered 78 bales of cocaine that weighed approximately 1,770 kilograms. (PSR at ¶ 11). Villalba was arrested on October 27, 2008. (Id. at ¶ 13).

Villalba entered into a written plea agreement with the Government wherein he agreed to cooperate, and the Government agreed that any substantial assistance would

be considered for the purpose of a possible sentence reduction. (Doc. CR-63 at 5). Villalba

initialed page five of the plea agreement acknowledging his understanding and agreement

to cooperate, and acknowledging his understanding that the determination as to whether

he provided "substantial assistance" and the type of motion the Government would file

related to any assistance he provided rested solely with the United States Attorney for the

Middle District of Florida. (Id). He also acknowledged that he could not and would not

challenge that determination either by appeal, collateral attack, or otherwise. (Id).

## DISCUSSION

Villalba claims that the government breached the plea agreement by failing to file

a Rule 35 Motion based on the cooperation he provided to the Government. Villalba's

assertion is incorrect. The promise of substantial assistance was spelled out in Villalba's

plea agreement and at his change-of-plea hearing. The plea agreement specifically states:

> If the cooperation is completed subsequent to sentencing, the government agrees to **consider** whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim.P.35(b). In any case, the defendant understands that **the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.**

**(**Doc. CR-63 at 5 (emphasis added)). Villalba's initials are at the bottom of page five

indicating that he read, or had read to him, this provision of the plea agreement and that

he understood it. During the plea colloquy, this provision of the plea agreement was

reiterated to Villalba:

**THE COURT**: Now your part of the deal here, obviously, is that you've agreed to plead guilty and apparently you've also agreed to cooperate in some fashion. As so you see in the next part of your plea agreement beginning at page five, we have this language about the matter of your cooperation. Basically what you've agreed to here is that you will cooperate fully and truthfully with the prosecutor and respond fully and truthfully to any inquiries they make of you. The plea agreement says that if you do so the Government will **consider** your cooperation and at sentencing it may make certain recommendations on your behalf.

A recommendation of substantial assistance is another way you could avoid the minimum ten-year term of imprisonment here. So, this is important. **But I want you to understand that just because it is in your plea agreement does not guarantee you're getting this recommendation from the Government. If you read the language carefully all the Government promises is that it will consider your cooperation. It does not promise any recommendation. Without such recommendation the judge cannot give you this benefit.** Do you understand this, Mr. Ortiz?

**DEFENDANT ORTIZ RENGIFO**: Yes, sir.

**THE COURT**: And you, Mr. Villalba?

**DEFENDANT VILLALBA**: Yes, sir.

(Doc. CR-129 at 21-22 (emphasis added)).

Villalba contends that his mere willingness to cooperate should merit consideration. Although the Government was hopeful that he could provide post-sentencing assistance, this was not the case. Villalba was interviewed a total of four times by the FBI. It was determined that the information/cooperation provided by Villalba did not rise to the level of needed for the Government to file a Rule 35 Motion. A defendant must meet certain criteria to warrant a Rule 35 Motion.  Although Villalba did cooperate, the information he supplied was not significant enough for him to be eligible for the Government to file a Rule 35 Motion on his behalf.

The decision not to file a substantial assistance motion is within the Government's

discretion unless the decision is based on an unconstitutional motive or is not rationally related to any legitimate Government end. *Wade v. United States*, 504 U.S. 181, 185 (1992). A defendant who merely alleges in a conclusory way that the government acted with an improper motive is not entitled to a remedy or even an evidentiary hearing. *Wade*, 504 U.S. at 186. Furthermore, when the plea agreement requires the Government only to "consider" filing a motion to recognize substantial assistance, as here, (Doc. 63 at 5), the Government does not breach the agreement by failing to file such a motion. *United States v. Forney*, 9 F.3d 1492, 1500-02 (11th Cir. 1993). It is completely within the discretion of the Government to evaluate whether a defendant's cooperation should be credited. *See Forney*, 9 F.3d at 1500-02 and n.2. This Court's review of Villalba's claim is appropriate only if "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Id.* at 1502. Villalba has failed to allege, much less establish, that the Government's determination that he does not deserve credit for substantial assistance was based on any impermissible factor such as race or religion. *Cuero-Hurtado v. United States*, No. 07-22859, 2008 WL, at *2 n.1 (S.D. Fla., June 17, 2008).

Accordingly, the Court orders:

That Villalba's motion to vacate (Doc. CV-1; CR-140) is denied. The Clerk is directed to enter judgment against Villalba in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Villalba is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal

a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Villalba "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Villalba has not made the requisite showing in these circumstances. Finally, because Villalba is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 27, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Jeffrey S. Miller
Marco Antonio Villalba